FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR 05 2007
JAMES W. McCORMACK, CLERK
By: DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JOE WALPOLE PLAINTIFF

v. Case No. 4:07-CV00000164 WRW

UNIVERSITY OF ARKANSAS;
UNIVERSITY OF ARKANSAS BOARD OF TRUSTEES;
JANE ROGERS, CHARLES E. SCHARLAU III,
STANLEY E. REED, JAMES E. LINDSEY,
TIM E. HUNT, JOHN E. ANTHONY, CARL L. JOHNSON,
MIKE AKIN, JIM VON GREMP, and SAM HILBURN,
each in their official capacities as Members of the University
of Arkansas Board of Trustees;
MARIE PATTERSON, individually and as the Clinical
Nursing Manager for UAMS;
MARY HELEN FORREST, individually; and as Chief
Nursing Officer for UAMS;
RICHARD PEARSON, individually and as Chief Executive
Officer for UAMS; and
TESA IVEY, individually and as a Clinical Nurse
Specialist for UAMS DEFENDANTS

This case assigned to District Judge Wilson
and to Magistrate Judge Deere

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff, Joe Walpole, by and through counsel, the Koch Law Firm, for his Complaint, states:

1. This is an action under Title VII of the Civil Rights Act of 1963, to redress gender discrimination; under 42 U.S.C. §1983, to redress certain equal protection violations; and under the Arkansas Civil Rights Act of 1993 ("ACRA"), to redress gender retaliation by individual defendants.

2. Plaintiff is a resident of Faulkner County, Arkansas; he was employed by Defendant University of Arkansas in Pulaski County, Arkansas; and the acts alleged in this lawsuit all occurred within Pulaski County, Arkansas.

3. Defendant University of Arkansas is a public entity, organized under the laws of

the State of Arkansas, that has as one of its departments the University of Arkansas for Medical Sciences ("UAMS"); the campus for UAMS is located in Pulaski County, Arkansas.

4. Defendants Rogers, Scharlau, Reed, Lindsey, Hunt, Anthony, Johnson, Akin, von Gremp, and Hilburn are members of the University of Arkansas Board of Trustees, and are all believed to be Arkansas residents within the jurisdiction of this Court.

5. Defendants Patterson, Forrest, and Pearson were at all times relevant to this complaint supervisory-level employees of Defendant University of Arkansas.

6. Defendant Ivey is employed by Defendant University of Arkansas in Pulaski County, Arkansas.

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. §1331, supplemental jurisdiction over the state law claims, and venue is proper under 28 U.S.C. § 1391(b); also, this Court has personal jurisdiction over the parties.

GENERAL ALLEGATIONS OF FACT

8. Plaintiff was employed by Defendant University of Arkansas on the campus of UAMS in approximately June of 2000, and was assigned to work in a unit popularly known as "Labor and Delivery" where pregnant women and their newborn babies receive care, treatment, and assistance associated with childbirth.

9. Plaintiff was one of only two male nurses in Labor and Delivery; upon information and belief, the Labor and Delivery unit of UAMS has more than fifty nurses on staff.

10. For approximately four years after his hire date, Plaintiff performed satisfactorily, received satisfactory performance evaluations, and was free from disciplinary action.

11. Throughout his tenure as a male nurse with UAMS, Plaintiff was forced to tolerate discriminatory remarks by supervisors and coworkers, referring to his gender in a

negative fashion.

12.    Eventually, Plaintiff noticed that his work performance began to be more closely
scrutinized than that of his female coworkers; in late 2004, he began to receive disciplinary
actions for performance issues, while similarly situated female nurses in the unit would not
receive discipline for similar performance issues.

13.    On or about December 2, 2005, Plaintiff wrote a letter to his immediate
supervisor, Defendant Marie Patterson, complaining of "adversity, prejudice, ignorance, and
discrimination" against him, because of his gender, in the workplace.    Plaintiff's letter
specifically addressed treatment and comments he received from a coworker, Defendant Tesa
Ivey, who stated to Plaintiff, in substance, "I don't think men should work in [Labor and
Delivery], it's not right."

14.    Defendant Marie Patterson did not take appropriate action to remedy the
discrimination that Plaintiff was suffering; instead, Plaintiff's performance began to be
scrutinized even more closely.  Within nine months of his formal written complaint, Plaintiff
received three disciplinary actions and was terminated from his position.

15.    After his written complaint, Plaintiff continued to complain verbally to UAMS
management about his gender-based disparate treatment, to no avail.

16.    Plaintiff was terminated from employment on or about August 7, 2006, and
Plaintiff's position was subsequently filled by a female.

17.    Plaintiff filed a timely charge with the EEOC, and received a Notice of Rights and
Dismissal (right to sue letter) on December 7, 2007. *See* attached.

18.    Defendants Mary Helen Forrest and Richard Pearson were management-level
supervisors who knew of Plaintiff's complaints, took no action—or did not take appropriate

action—to protect Plaintiff from discrimination and retaliation, and discriminated and retaliated against Plaintiff because of his gender and his complaints.

19. Defendant Tesa Ivey was an employee and agent of Defendant University of Arkansas and, while she was not Plaintiff's direct supervisor, she reviewed Plaintiff's work and made recommendations to Plaintiff's supervisors. Defendant Ivey was outspoken about her dislike of male nurses in labor and delivery, and she used her position to negatively affect Plaintiff's employment in a discriminatory manner.

20. The only other male nurse assigned to Labor and Delivery was also forced to resign during the time between Plaintiff's complaint and Plaintiff's termination. This, upon information and belief, leaves zero male nurses working in labor and delivery. Upon information and belief, there are also zero, or very few, males holding other positions in Labor and Delivery.

21. Being female is not a bona fide occupational qualification for a nursing position in Labor and Delivery.

22. Similarly situated female nurses were not disciplined or terminated for similar performance issues.

23. Plaintiff's employment was public employment, and the defendants in this action acted under color of statute, ordinance, regulation, custom, or usage of the State of Arkansas.

24. Defendants University of Arkansas and University of Arkansas Board of Trustees—and the individual members of the board of trustees—are the governing and policy-making bodies controlling employment at UAMS, and they have a policy, practice, and tradition of refusing to employ male nurses in the Labor and Delivery section of UAMS.

COUNT ONE: GENDER DISCRIMINATION UNDER TITLE VII

25. Plaintiff realleges the foregoing as if fully set out herein.

26. The acts and omissions by Defendant University of Arkansas and Defendant University of Arkansas Board of Trustees (through its board members, through the other defendants identified in this Complaint, and through other agents) against Plaintiff, as described in this Complaint, amount to disparate treatment based on gender, and these Defendants disciplined and terminated Plaintiff because of his gender (male) in violation of Title VII of the Civil Rights Act of 1963. Also, the defendants named in this paragraph failed to protect Plaintiff from discrimination and retaliation in the workplace.

COUNT TWO: RETALIATION UNDER TITLE VII

27. Plaintiff realleges the foregoing as if fully set out herein.

28. Defendant University of Arkansas and Defendant University of Arkansas Board of Trustees, through the acts and omissions of their agents, as described in this Complaint, retaliated against Plaintiff for engaging in protected activity, i.e., complaining about discrimination in the workplace, in violation of Title VII of the Civil Rights Act of 1963.

COUNT THREE: EQUAL PROTECTION UNDER THE UNITED STATES CONSTITUTION VIA 42 U.S.C. §1983

29. Plaintiff realleges the foregoing as if fully set out herein.

30. Defendants' gender discrimination and retaliation, as alleged herein, violated Plaintiff's right to equal protection as provided by the Fourteenth Amendment to the United States Constitution, and Defendants, acting under color of statute, ordinance, regulation, custom, or usage of the State of Arkansas, are thus also in violation of 42 U.S.C. §1983.

COUNT FOUR: RETALIATION UNDER THE ARKANSAS CIVIL RIGHTS ACT

31. Plaintiff realleges the foregoing as if fully set out herein.

32. The actions of the individual defendants, as identified and described herein, amount to retaliation under the Arkansas Civil Rights Act, as codified at Ark. Code Ann. §16-123-101 et seq.

COUNT FIVE: EQUAL PROTECTION UNDER THE ARKANSAS CONSTITUTION

33. Plaintiff realleges the foregoing as if fully set out herein.

34. The individual defendants identified in this Complaint violated Plaintiff's right to equal protection as guaranteed by the Arkansas Constitution, and are thus also in violation of the Arkansas civil Rights act, especially Ark. Code Ann. §16-123-105.

CAUSATION AND REMEDIES

35. As a direct and proximate cause of Defendants' acts or omissions as alleged herein, Plaintiff has suffered severe mental, emotional, and physical distress, lost wages, lost fringe benefits, and lost earning capacity, and Plaintiff has incurred expenses that would not otherwise have been incurred.

36. The individual Defendants' actions have been so egregious so as to warrant the imposition of punitive damages.

37. Plaintiff respectfully demands a trial by jury on all counts.

WHEREFORE, Plaintiff prays judgment against Defendants; for back pay and front pay; for reinstatement; for appropriate compensatory damages to remedy mental, emotional, and physical suffering; for punitive damages against the individual defendants; for an injunction requiring Defendants to remove all adverse information from Plaintiff's personnel file; for an injunction requiring Defendants to reinstate Plaintiff; for a trial by jury; for reasonable attorney

fees; for costs; and for all other just and proper relief.

Respectfully submitted,

Koch Law Firm
2024 Arkansas Valley Drive, Suite 707
Little Rock, Arkansas 72212
(501) 223-5310 office
(501) 223-5311 facsimile

By: ______________________________
Reggie Koch, Ark. Bar #2005125

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Joe Walpole**
**Post Office Box 443**
**Vilonia, AR 72173**

From: **Little Rock Area Office - 493**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2006-02754** | **Margie Myers, Investigator** | **(501) 324-6214** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

- [ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
- [ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.
- [ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
- [ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge
- [ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
- [ ] While reasonable efforts were made to locate you, we were not able to do so.
- [ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
- [X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
- [ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
- [ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Wanda C. Milton,
**Acting Director**

DEC 04 2006
*(Date Mailed)*

Enclosures(s)

cc:
**Charles White**
**Assistant Vice Chancellor**
**UAMS**
**4301 W. Markham St, #541**
**Little Rock, AR 72205**

