**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JOE WALPOLE** **PLAINTIFF**

**VS.** **4:07CV00164-WRW**

**UNIVERSITY OF ARKANSAS; UNIVERSITY OF ARKANSAS, BOARD OF TRUSTEES; JANE ROGERS, CHARLES E. SCHARLAU III, STANLEY E. REED, JAMES E. LINDSEY, TIM E. HUNT, JOHN E. ANTHONY, CARL L. JOHNSON, MIKE AKIN, JIM VON GREMP, and SAM HILBURN, each in their official capacities as Members of the University of Arkansas Board of Trustees; MARIE PATTERSON, individually and as the Clinical Nursing Manger for UAMS, MARY HELEN FORREST, individually and as Chief Nursing Officer for UAMS; RICHARD PEARSON, individually and as Chief Nursing Officer for UAMS; and TESA IVEY, individually and as a Clinical Nurse Specialist for UAMS** **DEFENDANTS**

**ORDER**

Pending is Defendants' Motion to Dismiss (Doc. No. 13). Plaintiff has responded (Doc. No. 17). This is an action brought under Title VII of the Civil Rights Act, the Arkansas Civil Rights Act ("ACRA"), and 42 U.S.C. § 1983, claiming discrimination, retaliation, and violation of Plaintiff's right to equal protection under the Arkansas Constitution and the United States Constitution. Plaintiff asks for damages, reinstatement, and an injunction compelling Defendants to remove adverse information from his personnel file.

Defendants make the following arguments for dismissal: (1) the University of Arkansas, the University's Board of Trustees, and the Board members, in their official capacities, are not persons under 42 U.S.C. § 1983; (2) the University of Arkansas, its Board of Trustees, and individual Board members in their official capacities, are immune from damages under the Eleventh Amendment of the United States' Constitution; (3) the University of Arkansas, its

Board of Trustees, and individual Board members, in their official capacities, cannot be sued under A.C.R.A. or the Arkansas Constitution; and (4) Defendants Marie Patterson, Mary Forest, Richard Pierson, and Tesa Ivey cannot be sued in their individual capacities under Title VII.

## I STANDARD

A motion to dismiss should not be granted unless it appears beyond doubt that a plaintiff can prove no set of facts which would entitle him to relief.[1] The complaint's allegations must be accepted as true; and, the complaint, and all reasonable inferences arising from it must be construed in a plaintiff's favor.[2] A complaint should not be dismissed, nor a cause of action ignored, merely because the complaint does not state with precision all elements that give rise to a legal basis for recovery.[3]

## II. DISCUSSION

### A. Official Liability under Title VII

Defendants argue that they cannot be held individually liable under Title VII. They are right. The Eighth Circuit has unequivocally held that supervisory employees are not individually liable under Title VII.[4] This holding is in line with the majority of Circuit Courts.[5]

---

[1] *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir. 1979).

[2] *United States v. Mississippi*, 380 U.S. 128, 143 (1965); see also *Bennett v. Berg*, 685 F.2d 1053, 1059 (8th Cir. 1983); *Bramlet v. Wilson*, 495 F.2d 714, 717 (8th Cir. 1974).

[3] *Bramlet*, 495 F.2d at 716; *Smith v. Quachita Technical College*, 337 F.3d 1079, 1080 (8th Cir. 2003).

[4] *Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997).

[5] See *In Re Montgomery*, 215 F.3d 367, 373 (3d Cir. 2000); *William v. Banning*, 72 F.3d 552, 554-55 (7th Cir. 1995); *Cross v. Alabama*, 49 F.3d 1490, 1504 (11th Cir. 1995); *Tomka v. Seiler*, 66 F.3d 1295, 1313-17 (2d Cir. 1995); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir.

However, under Title VII, a public official may be sued in his official capacity.[6] Title VII is a statutory expression of traditional *respondeat superior* liability. Supervisors' actions that fall within the scope of their employment or within their official duties satisfy the definition of employer under Title VII. Therefore, supervisors may be named as defendants in their official capacity.[7]

A supervisor who is named separately in a Title VII complaint is viewed as being sued in his capacity as the agent of the employer. The supervisor is named, but the employer remains liable for a Title VII violation committed by its agent.[8] In other words, while Plaintiff's supervisors cannot be held personally liable for damages resulting from Title VII violations, they can be individually named as parties as the agents and representatives of the employer.

In addition, Title VII claims against the state and its agencies are not barred by the Eleventh Amendment. Title VII validly abrogates a states' Eleventh Amendment immunity in accordance with § 5 of the Fourteenth Amendment.[9] Under Title VII, the employer (including a state government) has to pay the price for the misconduct of named supervisory defendants. In this case, Plaintiff's supervisors have been named in their official capacities. Plaintiff alleges in his Complaint that the named individuals, acting as agents for the employer, retaliated against

---

1995); *Grant v. Lone Star*, 21 F.3d 649 (5th Cir. 1994); *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995).

[6]*Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir. 1990); *In re Montgomery County*, 215 F.3d 367, 372 -373 (3rd Cir. 2000).

[7]*Harvey*, 913 F.2d at 227.

[8]*Gary v. Long*, 59 F.3d at 1399; *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

[9]*Okruhlik v.University of Arkansas*, 255 F.3d 615 (8th Cir. 2001); *Maitland v. University of Minnesota*, 260 F.3d 959 (8th Cir. 2001).

him for complaining about discrimination and engaged in discriminatory conduct. Under Title VII, an employee is protected against employer retaliation for opposing any practice that the employee reasonably believes to be a violation of Title VII.[10]

Plaintiff names the University of Arkansas and its Board of Trustees as the parties that are liable for Title VII violations and stated that these entities engaged in discrimination through the conduct of its agents.[11] Plaintiff also alleges that Defendants Marie Peterson, Mary Helen Forest, Richard Pearson, and Tesa Ivey were supervisors and, therefore, agents of the University.[12] Plaintiff's Title VII allegations that include holding the University and its Board liable for the acts of its agents within their official capacities are legally sufficient.

The fact that the named individuals will not have to pay money to Plaintiff under a Title VII theory of liability is not grounds for dismissal. This is especially true since other grounds for liability alleged in the Complaint include violations of ACRA and 42 U.S.C. § 1983. Alleging individual liability is not only legitimate but is required under 42 U.S.C. § 1983[13] and ACRA.[14]

**B. Individual and Official Liability under § 1983 and ACRA**

While a state agency is the only party liable for damages under Title VII, the reverse is true under 42 U.S.C. § 1983 and ACRA. The Eleventh Amendment of the United States Constitution prohibits an individual from suing a state or state agency for damages in federal

---

[10]42 U.S.C. § 2000e-3(a); *McNeail-Tunstall v. Marsh USA*, 307 F. Supp. 2d 955 (W.D. Tenn. 2004).

[11]Doc. No. 1, Count One and Count Two, p. 5.

[12]Doc. No. 1, pp. 3-4.

[13]*Gregory v. Daly*, 243 F.3d 687, 689 n.1 (2d Cir. 2001); *Dawson v. County of Westchester*, 351 F. Supp. 2d 176, 192 -93 (S.D.N.Y. 2004).

[14]*Shepherd v. Washington County*, 331 Ark. 480, 499 (1998).

court. Sovereign immunity applies to 42 U.S.C. § 1983 actions because it does not abrogate the Eleventh Amendment.[15] Likewise, the Arkansas Constitution forbids making a state agency a defendant in any state court, and this prohibition extends to actions based on A.C.R.A.[16] So, while Title VII allows a plaintiff to sue the state and individuals in their official capacities, this is not the case under § 1983 or A.C.R.A.. In sum, only "persons" can be sued under § 1983 and A.C.R.A..[17] A state or its agencies are not "persons" under § 1983 or A.C.R.A..[18]

However, state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment.[19] The same doctrine does not extend to a state or its agencies.[20] So, individual members of the Board of Trustees and Plaintiff's supervisors can be sued in their official capacity for prospective injunctive relief under 42 U.S.C. § 1983. Plaintiff's Complaint prays for prospective injunctive relief. He asks for reinstatement and the removal of adverse information from his personnel file.[21] Therefore, Plaintiff has properly sued individual board members and supervisors in their "official capacities" and asks that these individuals be compelled to reinstate him and purge his file.

---

[15]*Nix v. Norman*, 879 F.2d 429 (8th Cir. 1989); *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997); *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989).

[16]Ark. Const. Art. 5, § 20; *Simmons v. Marshall*, 369 Ark. 447 (2007); *Short v. Westark Community College*, 347 Ark. 497 (2002).

[17]*Hanks v. Sneed*, 366 Ark. 371, 379 (2006) (holding that a suit against a state official in his or her official capacity is a suit against the state office); *Murphy*, 127 F.3d at 754 (holding that the Eleventh Amendment of the Constitution bars "official capacity" suits).

[18]*Arkansas Tech University v. Link*, 341 Ark. 495 (2000).

[19]*Ex Parte Young*, 209 U.S. 123 (1908).

[20]*Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*, 443 F.3d 1005, 1017 (8th Cir. 2006) (holding that only state officials, not the state can be sued for injunctive relief).

[21]Doc. No. 1, p. 6.

In Arkansas, sovereign immunity does not apply to illegal and unconstitutional conduct of a state and its agencies. Equity has jurisdiction to enjoin or restrain state officials or agencies from acts which are *ultra vires*, in bad faith, or arbitrary and capricious.[22] Plaintiff has made appropriate allegations that the actions of Defendant, the University of Arkansas, were arbitrary and capricious because it allegedly engaged in a pattern and practice of gender discrimination.[23]

If a plaintiff is seeking damages under 42 U.S.C. § 1983, and A.C.R.A. he must sue parties in their "individual capacities."[24] Therefore, naming supervisors in their individual capacity is essential to recovering damages against state actors for alleged constitutional violations and discrimination. Plaintiff has appropriately alleged that the individual capacity Defendants violated his constitutional right to equal protection and subjected him to discrimination in violation of A.C.R.A.

**CONCLUSION**

Plaintiff has filed a Complaint alleging individual gender bias, work-place harassment, and a policy and practice of discrimination. He has pled violations of state and federal laws that include a diverse range of rights and remedies.

---

[22]*Arkansas Tech. University v. Link*, 341 Ark. 495 (2000) (citing *Villines v. Lee*, 321 Ark. 405 (1995); *Cammack v. Chalmers*, 284 Ark. 161 (1984); *Toan v. Falbo*, 268 Ark. 337 (1980); *Game and Fish Comm'n v. Eubank*, 256 Ark. 930 (1974); *Harkey v. Matthews*, 243 Ark. 775 (1967)).

[23]Doc. No. 1.

[24]*Nix v. Norman*, 879 F.2d 429, 433 n.3 (8th Cir. 1989) (holding that in individual capacity suits, the Eleventh Amendment does not bar compensatory damages); *Steel v. Alma Public School Dist.*, 162 F. Supp. 2d 1083, 1085 (W.D. Ark. 2001) (holding that state employees can be sued for damages in individual capacity under § 1983 and A.C.R.A.).

Plaintiff has the right to sue his employer and his employer's agents under Title VII, but can only claim damages from the employer. However, a plaintiff is allowed to join individuals in a Title VII action if they are sued in their official capacities.

The Eleventh Amendment, which prohibits suits for damages against the state in federal courts, does not apply to Title VII claims, but applies to 42 U.S.C. § 1983 claims. Therefore, damages must be claimed from individuals under 42 U.S.C. § 1983 and A.C.R.A.

The Eleventh Amendment and the Arkansas Constitution does not prohibit Plaintiff from requesting injunctive relief. Equitable relief is allowed with respect to individual defendants sued in their official capacities. In Arkansas, entitlement to such relief depends on the arbitrary character of the alleged violation.

In view of the varying standards and remedies available, I find that the Complaint has alleged facts sufficient to impose liability for damages and for equitable relief under Title VII, 42 U.S.C. § 1983, and A.C.R.A. Defendants' Motion to Dismiss (Doc. No. 13) is DENIED.

IT IS SO ORDERED this day of 10th day of December, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE